IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANDRE FRAGHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:25-cv-000510-TES-CHW |
| VS. | : | |
| | : | |
| GWINNETT COUNTY | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Plaintiff Andre Fragher, an inmate currently confined in the Gwinnett County Prison in Lawrenceville, Georgia, filed a document in the United States District Court for the Northern District of Georgia, in which he states that he "is deeply innocent" of the crime for which he was charged and convicted in Washington County, Georgia. ECF No. 1 at 1. Plaintiff states he is "seeking justice." *Id*. at 2. The United States District Court for the Northern District of Georgia has noted that it is not clear whether Plaintiff seeks to file a habeas petition under 28 U.S.C. § 2254 or a complaint for violation of civil rights pursuant to 42 U.S.C. § 1983. ECF No. 2 at 1 n.1. That court determined that either action should have been filed in the United States District Court for the Middle District of Georgia and transferred the action to this Court. ECF No. 2, ECF No. 3.

Plaintiff must clarify what type of action Plaintiff seeks to file. As a general rule, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a

habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)).  "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal" and seeks release from prison or a shortened prison sentence.  *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  Conversely, when a prisoner seeks damages because a state actor "deprived [him] of a right secured by the Constitution or laws of the United States," that cause of action is a § 1983.  *Focus on the Fam. v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999)); *see also Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Release from prison is not available as a remedy in a § 1983 action. *Preiser*, 411 U.S. at 489.  Monetary damages are available in a § 1983 action but not in a habeas action.  *Id*. at 493, 500.

Accordingly, if Plaintiff is challenging the fact or validity of his confinement at Gwinnett County Prison and seeks release, the proper cause of action is a § 2254 habeas petition.  Plaintiff is advised, however, that prior to seeking federal habeas corpus relief, he must exhaust state remedies.  *See* 28 U.S.C. § 2254(b); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases").  To exhaust, Plaintiff must "fairly present[ ]" every issue raised in the federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for

2

review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Thus, Plaintiff will be barred from receiving habeas relief in this Court until he has pursued review of his conviction in the appropriate state superior court and appellate court.

If Plaintiff instead seeks to complain about the events surrounding his arrest and conviction, or about the conditions of his confinement, he should recast his complaint on the Court's standard § 1983 form. As stated above, release from prison is not a remedy available in a § 1983 action. Plaintiff is further advised that this Court may be barred from considering a § 1983 claim alleging that the criminal proceedings underlying his present imprisonment were somehow wrongful. The United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486-487. Thus, to the extent that Plaintiff alleges his conviction was unlawful and he is currently falsely imprisoned, the Court would not be able to award damages unless and until his conviction has been reversed or otherwise declared invalid.

If, after considering all the above, Plaintiff still wishes to pursue a federal action at this time, he must recast his complaint on the proper form. If Plaintiff is challenging his

state court conviction and seeks release from prison, he must recast his allegations on the Court's standard § 2254 petition and specifically include all previous challenges he has made to his conviction in the state superior and/or appellate courts of Georgia. Alternatively, if Plaintiff is complaining about the conditions of his confinement and seeks monetary compensation, he should recast his allegations on the Court's standard § 1983 form.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to choose the federal civil action he intends to pursue and to recast his complaint on the appropriate form as instructed. The recast complaint shall supersede (take the place of) his initial pleadings and this Court will not look back at his prior pleadings to determine whether Plaintiff has an actionable claim.

In addition, Plaintiff did not pay a filing fee upon initiating this civil action. Thus, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required filing fee for the type of claim he submits. The filing fee for a habeas corpus petition brought pursuant to § 2254 is $5.00; the filing fee for a § 1983 case is $405.00. If Plaintiff is indigent and unable to prepay the full amount of the filing fee, he may request leave to proceed *in forma pauperis*.[1]

---

[1] For § 1983 actions, a prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). For § 2254 petitions, a prisoner seeking leave to proceed *in forma pauperis* must submit an affidavit in support of his claim of indigence and "a certificate from the warden or other appropriate officer . . . showing the amount of money or security that the [prisoner] has in any account in the institution." Habeas Corpus R. 3(a)(2). Plaintiff should be aware that if he files a § 1983

## **CONCLUSION**

Plaintiff has failed to submit a proper complaint before the Court and to pay the filing fee. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the appropriate form for the type of federal civil action he intends to pursue as instructed, and (2) pay the corresponding filing fee for that civil action, or if indigent, file a motion for leave to proceed *in forma pauperis*.

Failure to fully and timely comply with this Order will result in the dismissal of this civil action. While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address. Failure to do so may result in dismissal of this action.

The Clerk of Court is **DIRECTED** to forward to Plaintiff a copy of the § 2254 and § 1983 standard forms as well as a copy of the standard application to proceed without prepayment of fees and account certification form for Plaintiff's use in complying with this Court Order.

**SO ORDERED AND DIRECTED**, this 4th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

action, he will be responsible for the full payment of the filing fee regardless of whether the Court allows him to proceed without prepayment of the fee. Even if Plaintiff's § 1983 action is summarily dismissed, he will owe the full filing fee, and money will be deducted from Plaintiff's prisoner trust fund account in accordance with the Prison Litigation Reform Act. 28 U.S.C. § 1915(b).